UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CESAR QUINTERO,            )<br>                            )<br>       Petitioner,          )<br>                            )<br>v.                          )      Civil Action No. 06-2211 (RCL)<br>                            )<br>HARLEY G. LAPPIN, et al.,   )<br>                            )<br>       Respondents.         )  | |

FILED
MAY 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM AND ORDER

Before the Court is respondents' motion to transfer petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court is not bound by a *pro se* litigant's characterization of his cause of action. A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), i.e., "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Therefore, a motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading. *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002).

After reviewing the petition and the respondents' motion, the Court believes that the claims presented in the petition may only be raised in a motion pursuant to 28 U.S.C. § 2255 and filed in the sentencing court, the Southern District of Florida. The Court intends to construe the petition as a § 2255 motion.

A court cannot recharacterize a *pro se* motion as an initial § 2255 motion without first notifying the litigant of its intent to recharacterize the pleading, warn the litigant of the

recharacterization's effect on restrictions for "second or successive" motions, and offers the party an opportunity to withdraw or amend his pleading. *Castro*, 540 U.S. at 383. Pursuant to the Supreme Court's directive, petitioner is advised that if the Court characterizes the present petition as a § 2255 motion, any further motions will not be permitted unless authorized by the appropriate Court of Appeals. In addition, § 2255 motions are subject to a one-year period of limitations. To avoid the consequences of the Court's recharacterization, petitioner may withdraw his petition. Accordingly, it is

ORDERED that petitioner shall inform the Court within 30 days whether he wishes to withdraw his petition. If the Court does not receive a response, the petition will be considered a § 2255 motion. It is

FURTHER ORDERED that if petitioner does not withdraw the petition, the Court will grant respondents' motion and transfer the case to the United States District Court for the Southern District of Florida.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

DATE: 5/21/07