UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cesar Quintero )
    Petitioner )
)
)
v. )
)
J.P. Young, A.K.A. J.P. YOUNG WARDEN )
Alberto Gonzales, A.K.A. ALBERTO GONZALES ) Civil Action No. 06-2211(RCL)
Attorney General for the United States )
of America, and )
Harley G. Lappin, A.K.A. HARLEY G. LAPPIN )
Director of the Federal Bureau of Prisons )
    Respondent )

RECEIVED
JUN 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION TO RECONSIDER

MEMORANDUM AND ORDER

**COMES NOW**, I Cesar Quintero, pro per, requesting that this Honorable Court reconsider its MEMORANDUM AND ORDER, ruling for the following reasons:

Even though the Court is not bound by a pro se, litigant's characterization of his cause of the Action, The Court however is bound by the law and statute.

Since 28 U.S.C. § 2255 was enacted as an additional judicial remedy, by the 80th Congress, it is completely inadequate, even if relief by 2241 was not available. Under the **1976 Adoption** of the "Rules Governing Section 2255 Proceedings," it is clearly stated "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action." The moment the trial court allows a separate **civil docket** number to be entered on a submitted § 2255 motion, it is admitting that it is a quasi-judicial entity

which does not have the jurisdiction to address the manifest constitutional injustice, this **2241 action raises**. For those who carefully read the law, not only is the assigning of a "designated related case" **civil docket** number, prima facie proof of the trial court's lack of jurisdiction, the rules governing § 2255 proceedings make it obvious that motions by Section 2255 have become an exercise in futility.

Simply, compare Rule No. 1, which requires filing into an **ARTICLE III** district court, with Rule No. 4, which requires the clerk to forward the § 2255 motion, to the judge who conducted the trial and sentencing proceedings for screening. The trial/sentencing judge or "judicial officer," was not operating pursuant to **ARTICLE III**, so compliance with Rule No. 1 is an impossibility, hence the assignment of the civil number, which is not <u>authorized</u> in both the § 2255 statute or the rules governing § 2255 proceedings.

For the following reason the petitioner, requests this Honorable Court to make a sua sponte Rule dismissed indicment and released petitioner from Federal custody.(Immediately).

Cesar Quintero
Reg # 02851-070
F.C.I
P.O.BOX 5000
Oakdale,LA    71463

Respectfully Submitted