United States District Court
for the District of Columbia

( Caption Pursuant to <u>Mookini v. U.S.</u>, 303 U.S. 201 )
( Article III Court of Law )


Cesar quintero, Petitioner,


v.


J.P. Young, A.K.A., J.P. YOUNG WARDEN
Alberto Gonzales, A.K.A. ALBERTO GONZALES
Attorney General for the United States of
America, and
Harley G. Lappin, A.K.A. HARLEY G. LAPPIN
Director of the Federal Bureau of Prisons, Respondent.

RECEIVED

<u>Motion to Reconsider</u>

<u>Memorandum and Order</u>

JUN 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>COMES NOW</u>, I, <u>Cesar Quintero</u>, <u>pro per</u>, requesting that this Honorable Court reconsider its <u>MEMORANDUM AND ORDER</u>, ruling for the following reasons:

Even though the Court is not bound by a <u>pro se</u>, litigant's characterization of his cause of the Action, the Court however is bound by the law and statute.

Since **28 U.S.C. § 2255** was enacted as an additional judicial remedy, by the 80th Congress, it is completely inadequate, even if relief by <u>**2241**</u> was not available. Under the **1976 Adoption** of the "Rules Governing Section 2255 proceedings," it is clearly stated "a motion under § 2255 is a further step in the movant's criminal case and not a separate **civil docket** number to be entered on a submitted § 2255 motion, it is admitting that it is a quasi-judicial entity which does not have the jurisdiction to address the

manifest constitutional injustice, this **2241 action raises**. For those who carefully read the law, not only is the assigning of a designated related case" **civil docket** number, prima facie proof of the trial court's lack of jurisdiction, the rules governing § 2255 proceedings make it obvious that motions by Section § 2255 have become an exercise in futility.

Simply, compare Rule No. 1, which requires filing into an Article III district court, with Rule no. 4, which requires the clerk to forward the § 2255 motion, to the judge who conducted the trial and sentencing proceedings for screening. The trial/sentencing judge or "judicial officer," was not operating pursuant to Article III, so compliance with Rule no. 1 is an impossibility, hence, the assignment of the civil number, which is not <u>authorized</u> in both the § 2255 statute or the rules governing § 2255 proceedings.

For the following reasons the Petitioner, requests this Honorable Court to make a sua sponte Rule dismissed indictment and released Petitioner from Federal Custody. (Immediately).

Respectfully Submitted,

Cesar Quintero
Reg. No:# 02851-070
F.C.I. Oakdale
Oakdale, LA 71463-5000